UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON S. CHAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL S. REGAN,<br><br>    Defendant. | Case No. 21-cv-07773-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

## I. Introduction

Pro Se Plaintiff Sharon Chand brings this employment disability discrimination suit against Defendant Michael S. Regan, Administrator of the Environmental Protection Agency ("EPA"). Plaintiff, a former employee in the EPA's Office of Civil Rights, was terminated in September 2015, the day before the end of her two-year probationary period, purportedly for performance issues. Plaintiff brings claims under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, for disability discrimination based on disparate treatment, hostile work environment, retaliation, and disability discrimination based on failure to accommodate. For all the foregoing reasons, the motion to dismiss is granted as to the retaliation and disability discrimination based on failure to accommodate claims. The motion is denied as to the disability discrimination based on disparate treatment claim and the hostile work environment claim. The claim for punitive damages is stricken.

## II. Factual Background[1]

On September 22, 2013, Plaintiff began work at the EPA's OCR as an Equal Employment Opportunity ("EEO") Assistant. She was later promoted to the position of EEO Specialist, and held that position from January 12, 2015 until her termination on September 18, 2015. Plaintiff states that the following conditions rendered her disabled during her time working at EPA: "History of Deep Vein Thrombosis (DVT), resulting in Chronic Venous Insufficiency (CVI), Post-Thrombotic Syndrome (PTS), Pulmonary Embolism, Achilles Tendonitis, Heel Spurs and Extreme Inflammation and Major Depressive Disorder." Complaint ¶ 19. Plaintiff avers that her disability affects "circulat[ion], extended walking and standing, sleeping, concentrating and thinking." *Id.* at ¶ 20.

On January 29, 2015, Plaintiff submitted Family and Medical Leave Act ("FMLA") paperwork for accommodations related to pain management, including for leave under the FMLA. On February 7, 2015, Plaintiff avers she met with two Human Resources employees, whom she informed that she was afraid to take FMLA leave "because of continued retaliation and denial of both approved and requested reasonable accommodations[.]" *Id.* at ¶ 25. Plaintiff alleges that her supervisor, OCR Director Gina Edwards, created a hostile environment. Upon filing an internal complaint, Edwards was removed as Plaintiff's direct supervisor, and Deputy Assistant Regional Administrator Carolyn Truong began serving as Plaintiff's supervisor in February 2015.

On June 11, 2015, Plaintiff began FMLA leave. On September 1, 2015, Truong emailed Plaintiff and stated that the medical documentation stated that Plaintiff would be incapacitated until that same date—September 1—and that if Plaintiff wished to remain on leave, she would need to provide updated medical documentation. On September 4, 2021, Plaintiff provided additional medical documentation, and an extended leave was approved.

Plaintiff was terminated on September 18, 2015, the last day of her two-year probationary period. Prior to the termination, Edwards had recommended to the Deputy Regional Administrator

---

[1] Unless noted otherwise, all facts recited are from the Complaint, and are taken as true for the purposes of a Rule 12(b)(6) motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 21-cv-07773-RS

2

that Plaintiff be terminated for not meeting performance standards. On November 25, 2015, Plaintiff filed a formal complaint with the EPA's Office of Civil Rights. The Equal Employment Opportunity Commission ("EEOC") filed a Notice of Right to Sue on July 7, 2021.

On October 5, 2021, Plaintiff filed this lawsuit in the Northern District of California. She avers four claims for relief, without stating under which laws she seeks relief for the specific claims: (1) disability discrimination, Complaint ¶¶ 10-31; (2) harassment/hostile work environment created by Plaintiff's supervisor, *id.* at ¶¶ 32-67; (3) retaliation, *id.* at ¶¶ 68-90; and (4) disability discrimination – failure to provide reasonable accommodation, *id.* at 91-118. Earlier in her Complaint, Plaintiff stated that her lawsuit was based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117, as well as a "Hostile Work Environment." The Complaint further states that she seeks equitable relief, compensatory damages, costs as permitted by law, punitive damages, and any other relief the Court deems proper.

On February 22, 2022, Defendant filed this motion to dismiss the Complaint. In her opposition to Defendant's motion, Plaintiff clarified that she "does not allege discrimination on any other protected bases except disability" and that she "brings her claims of disability discrimination under 501 of the Rehabilitation Act." Opposition to Motion to Dismiss, p.7. She further clarifies that she "does not oppose Defendant's motion to dismiss any claims under Title VII of the Civil Rights Act of 1964." *Id.*

### III. Legal Standard

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 21-cv-07773-RS
3

on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. Discussion

Defendant challenges each of Plaintiff's four claims for relief, as well as Plaintiff's claim for punitive damages. Plaintiff concedes that punitive damages are unavailable in this action, and thus only the claims for relief are addressed. As a threshold matter, Plaintiff includes allegations in her opposition that were not included in her Complaint, and attaches a variety of exhibits to her opposition. These new allegations and materials are not considered, as a Rule 12(b)(6) motion to dismiss addresses the four corners of a complaint, not newly raised allegations or evidence. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The 'new' allegations contained in the [plaintiff's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Should Plaintiff wish to include any of the new allegations in her Complaint, she must amend her Complaint. The four claims are now addressed in turn.

### A. Disability Discrimination Based on Disparate Treatment

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees alleging disability discrimination due to disparate treatment. *Boyd v. United States Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985). To state a claim for disparate treatment under the Rehabilitation Act, "a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (superseded by statute on other grounds). A plaintiff must also show that their disability was a but for cause of

the employment action alleged to be discriminatory, as Section 501 claims are decided using the same standard as Title I of the ADA. *See* 29 U.S.C § 791(f) (describing the standard for Section 501 claims); *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) ("[A]n ADA discrimination plaintiff bringing a claim under 42 U.S.C. § 12112 must show that the adverse employment action would not have occurred but for the disability."). Plaintiff has not adequately alleged that her disability was a but for cause of her termination.

Defendant argues that Plaintiff has not alleged adequately that her disability was a but for cause of her termination because the Complaint itself concedes that the termination was recommended due to performance issues, and "[t]he Complaint does not offer facts to explain why the decision to terminate based on performance was inaccurate or pretextual[.]" Motion to Dismiss, p.6. "'Once Plaintiff demonstrates a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason' for the employment decision." *Campbell v. Brennan*, No. 15-CV-03582-JSC, 2018 WL 620186, at *5 (N.D. Cal. Jan. 30, 2018) (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53-54 (2003)). "If the employer offers a nondiscriminatory reason, the burden returns to the plaintiff to show that the articulated reason is a 'pretext' for discrimination." *Id.* Plaintiff's claim does not fall at this stage for failing to rebut an anticipated defense, no matter how strong that defense may be.

Defendant also argues that Plaintiff has not alleged facts to establish that she was "otherwise qualified for employment[.]" *Walton*, 492 F.3d at 1005. "A 'qualified individual' is 'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 989 (9th Cir. 2007) (quoting 42 U.S.C. § 12111(8)). Defendant argues "the Plaintiff was terminated for performance even after these accommodations were provided [which] supports a presumption that she was unable to perform the essential functions of her role even with an accommodation." Motion to Dismiss, p.7. This argument, however, ignores that Plaintiff pled facts to show she received a merit-based promotion a matter of months before her termination, that her reviews in her prior position were positive, and that she

1  did not receive a mid-year review after her promotion to her new position. Although discovery
2  could indicate that Plaintiff could not perform the essential functions of the position, she has pled
3  facts sufficient to establish this element, and therefore the motion is denied as to this claim.

### B. Hostile Work Environment

Although the Ninth Circuit has not explicitly recognized a claim for a hostile work environment under the Rehabilitation Act, *Silveria v. McDonough*, No. 20-17457, 2022 WL 187839, at *1 n.1 (9th Cir. Jan. 20, 2022), other courts in this district have recognized such a claim. *See Anello v. Berryhill*, No. 18-cv-00070-DMR, 2019 WL 4141928, at *8 (N.D. Cal. Aug. 30, 2019). To plead a claim for a hostile work environment, a plaintiff must allege "(1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Id.* (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-236 (5th Cir. 2001)).

The Complaint details numerous instances of alleged harassment by Edwards and directed towards Plaintiff. Defendant argues that alleged conduct by Edwards constitutes "normal workplace operations" and that the conduct was simply "a management style that perhaps Plaintiff did not appreciate." Motion to Dismiss, p.9. Although a "hostile-work-environment claim is simply not a cause of action for the ordinary tribulations of the workplace[,]" *Hutchinson v. Holder*, 815 F.Supp.2d 303, 323 (D.D.C. 2011), Plaintiff has alleged facts to demonstrate more than ordinary tribulations. Further, Plaintiff has alleged that at least some of the relevant conduct concerned her disability, such as directing her to complete tasks while out on sick leave and then reprimanding her for working remotely, Complaint ¶ 59, and not allowing Plaintiff to start work early—and standing in Plaintiff's office to ensure she did not start work—when she had arrived at work early so that she could find disabled parking, Complaint ¶ 50. Plaintiff has adequately pled her claim for a hostile work environment.

**C. Retaliation**

Plaintiff's claim for retaliation avers that her September 2015 termination was retaliation for her February 2015 complaint against Edwards and the work environment at OCR. "To state a claim for retaliation, a plaintiff must allege that (1) he engaged in a protected activity, (2) his employer subjected him to a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *McCarthy v. Brennan*, No. 15-CV-03308-JSC, 2016 WL 946099, at *12 (N.D. Cal. Mar. 14, 2016). "Causation may be established by direct evidence or 'inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Id.* at *13 (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987)). "Causation will be inferred from timing alone only if the proximity is 'very close[,]' such that the 'adverse employment action follows on the heels of protected activity.'" *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (per curiam) and *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002)).

Defendant argues that Plaintiff has not pled facts to establish a causal link, and that the seven month gap between the alleged protected activity and the alleged retaliation is insufficient to support an inference of causation. As Defendant notes, numerous cases have held that gaps of similar lengths are insufficient to support a causal inference. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003) (holding nine-month gap was insufficient to support causal inference); *Heyer v. Governing Bd. of Mt. Diablo Unified Sch. Dist.*, 521 F. App'x 599, 601 (9th Cir. 2013) (same). Without direct evidence or other circumstantial evidence supporting an inference of causation, the nine-month time period between the complaint and the termination is insufficient to support causation. The motion to dismiss is therefore granted as to the retaliation claim.

**D. Disability Discrimination Based on Failure to Provide a Reasonable Accommodation**

Reasonable accommodations are "mechanisms to remove barriers or provide assistance to disabled individuals so that they can perform the 'essential functions' of employment positions.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
CASE NO. 21-cv-07773-RS

7

*Cripe v. City of San Jose*, 261 F.3d 877, 889 (9th Cir. 2001). Plaintiff claims seven failures to provide reasonable accommodations:

1. September 3, 2014: a request to change her work schedule due to her disability. *See* Complaint ¶ 96.
2. September 23, 2014: a request for sick leave. *See* Complaint ¶ 99.
3. October 27, 2014: being asked to report to work at 7:45 a.m., prior to her scheduled start time of 8:30 a.m, which would in effect be a denial of her previously approved accommodation. *See* Complaint ¶ 101.
4. October 30, 2014: a one-time request for an earlier start time to secure disabled parking, and onetime request for telework. *See* Complaint ¶¶ 102-04.
5. October 31, 2014: a one-time request for an earlier start time after arriving early to secure parking, which was denied. *See* Complaint ¶ 105.
6. An undated one-time request for a flexible start time due to a possible BART strike. *See* Complaint ¶ 107.
7. November 21, 2014: A request for a chair during a work event, rather than standing. *See* Complaint ¶¶ 114-15.

As for the first two requests for accommodation, the Complaint itself indicates that those requests were granted. *See* Complaint ¶¶ 97, 101. Although the Complaint avers that the approval was made with indications that future accommodations would be denied, those later denials would serve as violations of requests for accommodations, not the initial limited approval. Because the requests were granted, these two requests cannot form the basis for Plaintiff's claim.

Concerning the rest of the failure to accommodate allegations, Plaintiff has not alleged that she exhausted administrative remedies. "Federal regulations require that 'aggrieved persons who believe they have been discriminated against on the basis of . . . handicap must consult [an EEOC] Counselor prior to filing a complaint in order to try to informally resolve the matter.'" *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting 29 C.F.R. § 1614.105(a)). "This consultation must occur 'within 45 days of the date of the matter alleged to be discriminatory or,

in the case of personnel action, within 45 days of the effective date of the action.'" *Id.* (quoting 29 C.F.R. § 1614.105(a)(1)). Plaintiff provides no allegations that she contacted an EEOC Counselor within 45 days of the alleged denials of reasonable accommodations. In conclusion, the motion is granted as to Plaintiff's claim for disability discrimination based on a failure to provide reasonable accommodations.

## V. Conclusion

For all the foregoing reasons, the motion to dismiss is granted as to the retaliation and disability discrimination based on failure to accommodate claims. The motion is denied as to the disability discrimination based on disparate treatment and hostile work environment claims. The claim for punitive damages is stricken. Should Plaintiff wish to amend her Complaint to address deficiencies identified in this Order, the amended complaint must be filed within 30 days of this Order.[2]

**IT IS SO ORDERED**.

Dated: July 1, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] If Plaintiff chooses to amend her Complaint, she may wish to seek assistance from the Federal Pro Bono Project's Legal Help Center. Plaintiff may contact the Legal Help Center for assistance by calling 415-782-8982 or emailing FedPro@sfbar.org. Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.