UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON S. CHAND,

    Plaintiff,

v.

MICHAEL S. REGAN,

    Defendant.

Case No. 21-cv-07773-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

# I. INTRODUCTION

Pro se Plaintiff Sharon Chand brings this employment disability discrimination suit against Defendant Michael S. Regan, Administrator of the Environmental Protection Agency ("EPA"). The suit raises four claims for relief: disparate treatment, hostile work environment, failure to accommodate, and retaliation. After Defendant moved to dismiss the initial complaint in its entirety, the first two claims were allowed to proceed, while the latter two claims were dismissed. Plaintiff filed the operative First Amended Complaint ("FAC"), and Defendant now moves to dismiss in part. For the reasons discussed below, the motion is denied as to the claim for failure to accommodate, and it is denied in part and granted in part as to the claim for retaliation.

///

## II. BACKGROUND[1]

The full factual background is set out in greater detail in the prior order granting in part and denying in part the motion to dismiss. *See* Dkt. 27 ("Order"), at 2–3. To summarize briefly, Plaintiff was employed by the EPA's Office of Civil Rights from September 2013 to September 2015. Plaintiff states that a number of medical conditions rendered her disabled during this time, including deep vein thrombosis, inflammation, and major depressive disorder, among others. Throughout her time at the EPA, Plaintiff alleges her manager, Gina Edwards, created a hostile work environment and denied various requests for accommodation of Plaintiff's disabilities. Plaintiff reported this to EPA human resources staff in a February 2015 meeting. In June 2015, Plaintiff began taking leave under the Family and Medical Leave Act ("FMLA"). On September 18, 2015, the last day of her two-year probationary employment period and two weeks after her FMLA leave was extended, Plaintiff was terminated. She filed a formal complaint with the EPA's Office of Civil Rights on December 3, 2015,[2] and the Equal Employment Opportunity Commission ("EEOC") granted her a Notice of Right to Sue on July 7, 2021.

This suit followed. Plaintiff's original complaint was dismissed in part on July 1, 2022. *See* Order, at 1. Plaintiff filed her FAC on July 31, 2022. The FAC invokes the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791, to present four claims for relief: (1) disability discrimination based on disparate treatment, (2) hostile work environment, (3) disability discrimination based on failure to provide reasonable accommodation, and (4) retaliation. Defendant moves again to dismiss Plaintiff's claims for failure to provide reasonable accommodation and for retaliation.

---

[1] The factual background is based on the averments in the FAC, which must be taken as true for purposes of this motion, and documents of which the Court may take judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[2] Both the prior order and the motion stated that this administrative complaint was filed on November 25, 2015. *See* Order, at 3; Dkt. 35, at 3. This appears to be based on Plaintiff's averment that she filed the complaint "on or about 11/25/2015." Dkt. 30 ("FAC") ¶ 10. As evidenced by the EEOC's Notice of Right to Sue and the EPA's investigation report, the actual date was December 3, 2015. *See* Dkt. 1-1; Dkt. 18 Ex. C. This fact is judicially noticed.

## III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Where a complaint is brought by pro se plaintiffs, the court is obligated to evaluate the claims liberally. *See Hebbe v. Pillar*, 627 F.3d 338, 342 (9th Cir. 2010).

## IV. DISCUSSION

### A. Failure to Provide Reasonable Accommodation

In the FAC, Plaintiff describes five instances in which Defendant allegedly denied her requests for reasonable accommodation:

1. On October 27, 2014, Plaintiff was directed to report to work at 7:45 AM, even though she had previously been "approved to start work at 8:30 AM as an accommodation." FAC ¶ 168.

2. On October 30, 2014, Plaintiff's manager denied a one-time request for an earlier start time. *See id.* ¶ 169.

3. On November 21, 2014, Plaintiff was denied her request to use a chair as her foot stool during a work event, and she was instead required to stand. *See id.* ¶¶ 174–75. She "did not oppose" that decision. *Id.* ¶ 176

4. On February 6, 2015, Plaintiff met with an EPA human resources employee to discuss telework options; a decision on this request was deferred for "more than [seven] months." *Id.* ¶¶ 178–79.

5. On September 18, 2015, Plaintiff was terminated while on her approved FMLA leave. *See id.* ¶¶ 183–85.

The first three instances were discussed in the original Complaint, *see* Dkt. 1 ¶¶ 101–04, 114–15, while the last two are new to the FAC.

    The main cloud hanging over this claim is the question of whether Plaintiff exhausted her administrative remedies. Her failure to include factual averments on this subject in the initial complaint served as the basis for dismissing these claims. *See* Order, at 8–9 ("Plaintiff has not alleged that she exhausted administrative remedies."). Defendant leans primarily on this argument in its motion, arguing Plaintiff has still failed to show (and, indeed, that she cannot show) she exhausted her administrative remedies. *See* Dkt. 35, at 6–7. In the FAC, Plaintiff acknowledges that she did not satisfy the exhaustion requirement by contacting an EEOC counselor, but she alleges this was the result of having been misled by an EPA employee on October 31, 2014, as to her remedial rights as a probationary employee. *See* FAC ¶¶ 170–73.

    As noted in the prior order, "[f]ederal regulations require that 'aggrieved persons who believe they have been discriminated against on the basis of . . . handicap must consult [an EEOC] Counselor prior to filing a complaint in order to try to informally resolve the matter.'" *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting 29 C.F.R. § 1614.105(a)). Failure to do so "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action," *id.* (quoting 29 C.F.R. § 1614.105(a)(1)), is typically "fatal to a federal employee's discrimination claim." *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). However, Ninth Circuit courts have invoked equitable estoppel or equitable tolling to waive exhaustion requirements in circumstances where plaintiffs aver they were affirmatively misled as to their ability to seek administrative remedies. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1053 (9th Cir. 2006) (affirming equitable exception to

exhaustion requirements in ADA and state antidiscrimination suit); *Ruecker v. Sommer*, 567 F. Supp. 2d 1276, 1299 (D. Or. 2008); *cf. Johnson v. Henderson*, 314 F.3d 409, 415–16 (9th Cir. 2002) (recognizing availability of equitable estoppel in this field). This is appropriate where the plaintiff can show that he or she "(1) diligently pursued his [or her] claim; (2) was misinformed or misled by the administrative agency responsible for processing his [or her] charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him [or her] to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Josephs*, 443 F.3d at 1053.

Plaintiff has met this standard. Construing the FAC liberally in light of Plaintiff's pro se status, *see Hebbe*, 627 F.3d at 342, Plaintiff has plausibly alleged that she was "misinformed or misled" as to her ability to contact an EEOC counselor regarding her claims, and that this caused her not to continue seeking this option.[3] *See* FAC ¶¶ 170–73. Her diligence in pursuing her claims is demonstrated by her stated attempts to seek redress from within the agency, both formally and informally, and the fact that she did file an EEO complaint with the EPA's Office of Civil Rights promptly after her termination. The investigation report, in turn, references each of the alleged denials of reasonable accommodation. *See, e.g.*, Dkt. 18, Ex. C, Investigative Summary at 76–77 (describing October 27, 2014 incident); *id.* at 57, 77 (discussing October 30, 2014 incident); *id.* at 48–49, 58 (discussing November 21, 2014 incident); *id.* at 68–70 (discussing February 6, 2015 meeting).[4] That Plaintiff did not specifically include claims for failure to provide reasonable accommodation in her administrative complaint is of no moment where those claims "can reasonably be expected to grow out of" the claims she did include (namely, hostile work environment and retaliation). *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002)

---

[3] The fact that Plaintiff was allegedly deterred from contacting an EEOC counselor on October 31, 2014, does not warrant dismissing her claim with respect to her averred request for reasonable accommodation on October 27, 2014, because the alleged deterrence occurred within Plaintiff's 45-day reporting window.

[4] Judicial notice is taken of the investigation report.

1  (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). Finally, even if Plaintiff
2  may not be able to prove that each of her requests was for a legally cognizable "reasonable
3  accommodation necessary to the performance of her essential job functions," Dkt. 35, at 7, the
4  FAC includes adequate allegations on this point to survive a motion to dismiss. The motion is
5  therefore denied as to Plaintiff's claim for failure to provide reasonable accommodation.

### B. Retaliation

Plaintiff avers that her September 2015 termination was in retaliation for her February 2015 complaint against Edwards and the EPA work environment overall. This claim was previously dismissed given Plaintiff's failure to plead a causal link between the two events: "[w]ithout direct evidence or other circumstantial evidence supporting an inference of causation," the existence of a seven-month gap in the pleadings rendered them "insufficient to support causation." Order, at 7. The FAC contains additional factual averments describing incidents that occurred between February and September 2015, including that her workspace was relocated, she had "aspects of [her] job duties" taken away, and she was volunteered for work assignments outside of her role by Edwards. FAC ¶¶ 190, 195, 197. Defendant argues the FAC still fails to plead causation, and that none of the new averments constitute adverse actions.

"To state a claim for retaliation, a plaintiff must allege that (1) he engaged in a protected activity, (2) his employer subjected him to a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *McCarthy v. Brennan*, No. 15-CV-03308-JSC, 2016 WL 946099, at *12 (N.D. Cal. Mar. 14, 2016). "Causation may be established by direct evidence or 'inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Id.* at *13 (quoting *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987)). "Causation will be inferred from timing alone only if the proximity is 'very close[,]' such that the 'adverse employment action follows on the heels of protected activity.'" *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (per curiam) and *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002)).

1   Plaintiff has only partially remedied the problems articulated in the prior order. Plaintiff's averment as to the relocation of her desk adequately states a claim: it occurred only a few days after the February meeting, and it adversely impacted her insofar as she was "placed in a work environment not conducive to her work" and where "she felt singled out and put on display." FAC ¶ 190; *see also Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1125–26 (9th Cir. 2000) (recognizing adverse action in relocation of plaintiffs' laboratory space on university campus). The other newly described actions, however, are undated; thus it is impossible to conclude whether they occurred closely enough in time to suggest causation. *See* Order, at 7. The motion to dismiss is therefore denied as to the claim for retaliation based on the relocation of Plaintiff's desk, and otherwise granted.

## V. CONCLUSION

For the reasons discussed above, the motion to dismiss is granted in part and denied in part. The motion is denied as to the claim for failure to provide reasonable accommodation. The motion is denied as to the retaliation claim based on the alleged relocation of Plaintiff's desk, and the claim may proceed as to that averred act only; the motion is otherwise granted. Plaintiff is granted one additional opportunity to amend, which will be her final opportunity to amend. Any amended pleading must be filed within 28 days of the date of this Order.[5]

**IT IS SO ORDERED**.

Dated: January 24, 2023

RICHARD SEEBORG
Chief United States District Judge

---

[5] Plaintiff is again advised that she may wish to seek assistance from the Federal Pro Bono Project's Legal Help Center, which can help connect her to an attorney who can provide basic legal help, but not legal representation. The Center may be reached by calling (415) 782-8982 or emailing FedPro@sfbar.org.