UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON S. CHAND,

Plaintiff,

v.

LEE M. ZELDIN,

Defendant.

Case No. 21-cv-07773-RS

**ORDER DENYING MOTION FOR RELIEF FROM SUMMARY JUDGMENT**

Sharon Chand (Plaintiff), proceeding pro se, moves for relief from a partial grant of summary judgment under Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6). Plaintiff contends she has uncovered new evidence of fraud by officials at the Environmental Protection Agency (EPA), her former employer. Because she has failed to demonstrate that this new evidence would have impacted the partial grant of summary judgment, the motion is denied.

## I. BACKGROUND

The factual and procedural history of this case has been extensively documented and need not be recounted here. *See, e.g.*, Dkt. 27, at 2–3; Dkt. 46, at 2. In brief, Plaintiff was formerly a probationary employee at the EPA's Office of Civil Rights. She suffers from several medical conditions—including deep vein thrombosis, inflammation, and major depressive disorder— which necessitated certain accommodations at work. After filing a formal complaint against her manager and taking leave under the Family and Medical Leave Act, her employment was terminated. She brought suit under the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq., and the Rehabilitation Act, 29 U.S.C. § 791, against the Administrator of the EPA (Defendant),

asserting five claims for relief: (1) disability discrimination based on disparate treatment, (2) retaliation, (3) hostile work environment, (4) disability discrimination based on failure to provide reasonable accommodations, and (5) ADA interference.

Defendant moved for summary judgment on all claims. The motion was granted as to the disability discrimination claim because Plaintiff did not raise a triable issue of fact as to whether Defendant's proffered reason for terminating her employment was pretext for discrimination. *See* Dkt. 94, at 6–8. The motion was granted as to the retaliation claim because she could not demonstrate that certain actions constituted adverse employment actions under the law and because she could not raise a triable issue of fact as to whether certain other adverse employment actions were caused by her employer's desire to retaliate against her. *See id.*, at 8–11. The motion was also granted as to Plaintiff's ADA interference claim because she failed to oppose Defendant's motion for summary judgment on that claim. *See id.* at 17–18.

Plaintiff's failure to accommodate claim yielded mixed results. She averred she was denied a reasonable accommodation on four occasions, and summary judgment was granted for Defendant as to only one of those occasions. As to the others, Plaintiff successfully raised a triable question over whether Defendant satisfied its obligation to engage in the interactive process to accommodate Plaintiff's disability. *See* Dkt. 94, at 12–13. Finally, Plaintiff's hostile workplace claim survived summary judgment because Plaintiff produced enough evidence from which a factfinder could conclude that she was harassed on account of her disability. *See id.*, at 13–17.

Plaintiff now moves for relief from the partial grant of summary judgment. She claims to have uncovered two new pieces of evidence which she asserts demonstrate fraud. The first piece of evidence is an office-wide email provided to her by a former EPA employee in which someone at EPA solicited annual leave donations for Plaintiff because she "[was] experiencing a medical emergency and . . . exhausted all other paid leave." Dkt. 126 (Mot.), Ex. B. Plaintiff argues that this evidence would have helped her retaliation claim survive summary judgment because it showed that Strauss, the EPA official who decided to terminate her employment, knew about her leave at the time he terminated her.

The second piece of evidence comes from an anonymous EPA employee Plaintiff calls "Jane Doe." This employee gave Plaintiff her "reasonable accommodation paperwork," which Plaintiff claims made her aware of how the interactive process worked in her EPA region and how it was "corrupted by the actions of Edwards and Wong," two EPA officials. Mot., at 5. Plaintiff specifically seems to take issue with the fact that Wong, who served as agency counsel, was involved in her accommodation process but was not involved in Jane Doe's. She also complains that she was not offered the same accommodation paperwork as Jane Doe and that one of the accommodations she received, a flexible start time, was not an accommodation at all but rather a benefit available to all employees.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(3) permits relief from a judgment or order for "fraud . . . misrepresentation, or misconduct by an opposing party." "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 880 (9th Cir.2000). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union,* 952 F.2d 1144, 1148 (9th Cir.1991).

Rule 60(b)(6) is a catch-all provision that permits relief from a judgment or order for "any other reason that justifies relief." "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances . . .'" *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)); *see Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) ("[T]he Rule is 'used sparingly as an equitable remedy to prevent manifest injustice' and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005))).

ORDER DENYING RULE 60(B) MOTION
CASE NO. 21-cv-07773-RS

3

**III. DISCUSSION**

Neither piece of evidence warrants setting aside the partial grant of summary judgment. Plaintiff argues that the office-wide email demonstrates that Strauss knew about her leave at the time she made the decision to terminate Plaintiff's employment, but the grant of summary judgment on the retaliation claim did not turn on whether Strauss knew about Plaintiff's leave. Plaintiff's retaliation claim was analyzed under the *McDonnell Douglas* burden-shifting framework. Under that framework, Defendant bore the burden of offering a legitimate, non-discriminatory reason for terminating Plaintiff. Because Defendant successfully offered such a reason—that Plaintiff was terminated because of her job performance—the burden shifted to Plaintiff to raise a triable question as to whether that proffered reason was pretextual. *See Curley v. City of North Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014).

Plaintiff could not do so. She argued that she was "fully successful" in her role, but that assessment did not entitle her to continued employment under the regulations which governed Plaintiff's employment. *See* Dkt. 94, at 6; 5 C.F.R. § 213.3102(u)(6). Plaintiff also failed to offer any direct or circumstantial evidence that the EPA officials, including Strauss, did not genuinely believe that Plaintiff's performance did not merit continued employment, even if that genuine belief was wrong. *See id.* at 7. This failure doomed her retaliation claim. Evidence that Strauss knew about her leave would have made no difference.

Plaintiff's reliance on new evidence regarding the way EPA conducted the interactive accommodation process with another former employee is equally confounding. As Defendant points out, Plaintiff's request for an accommodation and EPA's response to that request are directly relevant to only the failure to accommodate claim[1]—a claim which largely survived

---

[1] Evidence about the interactive process could theoretically be relevant to the ADA interference claim as well. However, summary judgment on that claim was granted to Defendant because Plaintiff "failed to present any evidence in opposition to Defendant's motion for summary judgment." Dkt. 94, at 18. Plaintiff does not specifically address the ADA interference claim in the present motion. There is, therefore, no basis on which to upset the grant of summary judgment on that claim.

summary judgment. Summary judgment was only granted insofar as the claim related to an incident in which Plaintiff's supervisor requested that she turn up for work at 7:45AM even though she was approved to start work at 8:30AM. *See* Dkt. 94, at 12. However, that portion of the claim was not deficient because Plaintiff failed adequately to demonstrate that EPA did not engage in an interactive accommodation process; it failed because Plaintiff never requested the accommodation. *See id.* Thus, more information about how EPA engaged in the interactive accommodation process with other employees could not have changed the result.

It is similarly unclear what the import is of Plaintiff's assertion that a flexible schedule was a benefit provided to all employees, not a disability accommodation. Plaintiff averred three instances in which she requested some change to her schedule or working conditions to accommodate her disability. Summary judgment to Defendant was denied as to two of those instances, and—to reiterate—it was granted as to the other only because there was no evidence that Plaintiff actually made the request.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the partial grant of summary judgment is denied.

**IT IS SO ORDERED**.

Dated: February 23, 2026

RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California